**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228,<br><br>TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228,<br><br>TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY EDUCATIONAL PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228,<br><br>and<br>TRUSTEES OF THE ELEVATOR INDUSTRY WORK PRESERVATION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228,<br><br>Plaintiffs,<br><br>v.<br><br>PJP INSTALLERS, INC.<br>129 Old Turnpike Road<br>Wayne, NJ 07470<br><br>and<br><br>PABLO PERRONE<br>129 Old Turnpike Road<br>Wayne, NJ 07470,<br><br>Defendants. | : | **COMPLAINT** |

**COMPLAINT**

**(TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; FOR BREACH OF A COLLECTIVE BARGAINING AGREEMENT; AND FOR BREACH OF FIDUCIARY DUTY)**

**Parties**

1. The National Elevator Industry Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Pension Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. The National Elevator Industry Health Benefit Plan ("Health Benefit Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Health Benefit Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Health Benefit Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3. The National Elevator Industry Educational Plan ("Educational Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Educational Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Educational Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. The Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley

Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a. The Work Preservation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Work Preservation Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

5. PJP Installers, LLC ("PJP Installers") is a New Jersey business existing under the laws of the state of New Jersey with a principal office located at 129 Old Turnpike Road, Wayne, New Jersey 07470.

6. PJP Installers transacts business in New Jersey as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

7. At all relevant times, PJP Installers was and is bound to the Agreements between Local One of the International Union of Elevator Constructors, AFL-CIO, and the Elevator Manufacturers Association of New York, Inc. ("Collective Bargaining Agreements") by virtue of its Joinder Agreement.

8. Pablo Perrone is an officer and owner of PJP Installers, and resides at 129 Old Turnpike Road, Wayne, New Jersey 07470.

9. At all relevant times, Pablo Perrone exercised control and discretion over the assets of PJP Installers, including, but not limited to, decisions regarding the collection of receivables for PJP Installers, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by PJP Installers' employees, and the amounts to be paid to the Plaintiffs.

Accordingly, Pablo Perrone is a fiduciary to the Pension Fund, Health Benefit Plan, and Educational Plan, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

10. During the period of January 1, 2022 through April 30, 2024 and continuing, the Defendant PJP Installers employed employees performing work covered by the Collective Bargaining Agreements.

## Jurisdiction

11. This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a). This is an action to collect amounts due to employee benefit plans pursuant to an audit and under the terms of the Collective Bargaining Agreement, to enjoin the violations of the terms of the employee benefit plans, for breach of fiduciary duty, and for appropriate equitable relief.

12. Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Employee Benefit Plan Plaintiffs are located and administered.

13. This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

## (AMOUNTS OWED TO PLAINTIFFS FOR UNPAID CONTRIBUTIONS PURSUANT TO A PAYROLL AUDIT)

14. The Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in Count I.

15. Pursuant to the Defendant PJP Installers' Joinder Agreement, the Defendant PJP Installers agreed to pay to the Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreements.

16. In November 2025, the certified public accounting firm of Daniel A. Winters & Co. first determined that amounts were owed to the Plaintiffs for unreported work performed from January 1, 2022 to April 30, 2024. The Plaintiffs were not aware that amounts were owed to them by the Defendants prior to that time.

17. Defendants employed certain employees covered by the Collective Bargaining Agreements but failed to report or pay the amount when due to the Plaintiffs for all work performed by all employees in various months from January 1, 2022 to April 30, 2024 as required by the Collective Bargaining Agreements, Joinder Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust in the amount of $9,516.69.

18. The Collective Bargaining Agreements, Joinder Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

19. The Collective Bargaining Agreements, Joinder Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees, court costs and audit fees.

## **COUNT II**

**(FOR BREACH OF FIDUCIARY DUTY)**

20. The Plaintiffs hereby adopt, incorporate and restate in Count II paragraphs 1 through 19 of Count I as if fully set forth in Count II.

21. The Defendant Pablo Perrone executed the Joinder Agreement on August 8, 2017 and March 17, 2024, agreeing to be bound to the terms of the Collective Bargaining Agreements and the Benefit Funds' Restated Agreements and Declarations of Trust.

22. The Defendant Pablo Perrone was and is responsible for creating and operating PJP Installers and determining the total amount of employer contributions to report and pay to the Benefit Fund Plaintiffs from PJP Installers' assets, and the total amount of contributions withheld from employees' wages to pay to the Health Benefit Plan from PJP Installers' assets.

23. Defendant Pablo Perrone commingled assets of PJP Installers payable to the Plaintiffs with the general assets of PJP Installers and used those assets for purposes other than to pay the Plaintiffs.

24. Defendant Pablo Perrone exercised authority and control over the Benefit Fund Plaintiffs' plan assets and is a fiduciary as defined by Section 2(21) of ERISA, 29 U.S.C. § 1002(21).

25. The amounts due, unreported and unpaid by Defendant PJP Installers as determined by the payroll audit are assets of the Plaintiffs as established in the Collective Bargaining Agreement and the Benefit Funds' Restated Trust Agreements.

26. The factual contentions in Paragraphs 7 through 10 and 21 through 25 of this Complaint are reasonable based upon belief.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I through II as follows:

1. That the Court find the Defendant PJP Installers liable in the amount of contributions, interest, liquidated damages, attorneys' fees, court costs, and audit

costs owed to the Plaintiffs pursuant to an audit for the period of January 1, 2022 to April 30, 2024;

2. That the Court find Defendant Pablo Perrone jointly and severally liable in the amount of contributions, interest, liquidated damages, attorneys' fees, court costs, and audit costs owed to the Plaintiffs pursuant to an audit for the period January 1, 2022 to April 30, 2024;

3. To enter judgment against the Defendants PJP Installers and Pablo Perrone in the amount of reasonable attorneys' fees and costs incurred by the Plaintiffs in bringing this action; and

4. For such further relief as the Court may deem appropriate

Respectfully submitted,

DATE: September 8, 2026

s/ Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
325 Chestnut Street
Suite 600
Philadelphia, PA 19106
Telephone (215) 629-4970
akelser@odonoghuelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 8th day of September, 2026 on the following:

Internal Revenue Service,
Office of the Associate Chief Counsel, CC:EE
Room 4300
1111 Constitution Avenue, NW
Washington, DC 20224

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210
ATTN: Assistant Solicitor
for Plan Benefits Security

s/ Andrew Costa-Kelser
Andrew Costa-Kelser